UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-01916-MD-MARRA/JOHNSON


IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION

_____/

This Document Relates To:

ATS ACTIONS

_____/

Case No. 13-80146-CIV-MARRA

Doe 1, et al.

      Plaintiffs,

          v.

Boies Schiller & Flexner LLP

      Defendants.

_____/


**<u>Plaintiffs' Stipulation</u>**

The Plaintiffs in the above-captioned matter hereby stipulate that the Defendant,

Boies Schiller & Flexner, LLP, may have the relief requested in its Time-Sensitive

Motion for Relief from Confidentiality Agreement (DE 938). Specifically, the Plaintiffs

stipulate that the Defendant may use the Plaintiffs' declarations as exhibits to another

Motion to Dismiss, despite the parties agreement to the contrary. The Plaintiffs do not

stipulate to the publication of their names in the public record. The Defendant should still

move the Court to file them as sealed exhibits, with their Personal Identifying Information redacted from copies filed in the public record. The Plaintiffs consent to such a motion to file them under seal.

On November 23, 2015, the Court granted in part the Defendant's Motion and extended the Defendant's time to file another Motion to Dismiss until three days after the Court enters an order resolving whether it should grant relief from the parties' June 25, 2015 confidentiality agreement. (DE 940). At this point, the Plaintiffs are willing to concede this trivial issue and allow the Defendant to use the discovery materials to support a motion to dismiss, despite the parties' agreement to the contrary. However, the Court should not consider the Defendant's Motion to Dismiss as a Motion for Summary Judgment. The Court has not permitted the parties to conduct a Rule 16(f) conference or engage in any other formal discovery, despite denying the Defendants' previous two motions to dismiss. See R 815, Order on Defendants' Rule 12(b) Motions to Dismiss and Setting Evidentiary Hearing (6/5/2015).

As a convenience to the Court, the Plaintiffs asked the Defendants if they would agree to a joint stipulation that the Defendant may use the Plaintiffs' declarations this way. The request was made on July 12, 2016, but the Defendants' have not yet substantively replied. However, this is a unilateral stipulation, not a motion, so there is no need for the Defendants to consent. With the constested legal issue now moot, the Court may set a briefing schedule for what will be the Defendant's Third Motion to Dismiss.

Respectfully submitted,

/s/ Paul Wolf

_____

Paul Wolf

*Attorney for Does 1-88*
P.O. Box 46213
Denver CO 80201
(202) 431-6986

July 20, 2016

**Certificate of Service**

I hereby certify that on this I hereby certify, that on this 20th of July, 2016, I electronically filed the foregoing document with the Clerk of Court using the ECF system, which will send notification of such filing to all persons entitled to receive such notices.

/s/ Paul Wolf

_____
Paul Wolf, CO Bar #42107